## DAY v. COLE ET AL.

1. **Fraud:** CONVEYANCE: CONSIDERATION. Where the incumbrances upon realty, with the consideration paid for its conveyance, very nearly equal its reasonable value, the fact that the consideration is small does not constitute a badge of fraud.

2. **Redemption:** MISTAKE IN DEED: JUDICIAL SALE. Where in a decree of foreclosure the note was by mistake assessed at less than its true amount, and the plaintiff purchased the property at execution sale for the amount appearing to be due upon the judgment and costs, *held* that a junior incumbrancer was entitled to redeem upon payment of the amount bid at the sale.

*Appeal from Cerro Gordo District Court.*

FRIDAY, OCTOBER 20.

ON the 26th day of January, 1874, one Milton Z. Price conveyed to the defendant, E. N. Cole, a lot in Mason City, on which there was a mortgage to secure the sum of $1,837.50, with interest from June 1, 1871, at ten per cent.

On the 17th day of March, 1874, one Dewey, who held the note and mortgage, obtained a decree of foreclosure against Cole for the amount due on the note, the clerk by mistake

assessing it at $1,786.38, instead of $1,825.15, the real amount due.

Execution issued on this decree, and the premises were sold to Dewey, the execution plaintiff, for $1,930.38, the amount then appearing to be due on the judgment and costs.

On the 31st day of January, 1874, the plaintiff caused the premises to be attached, as the property of Price, and on the 26th day of March, 1874, plaintiff recovered judgment against Price for $890.62, and costs. He caused execution to issue against the property, and on September 26, 1874, he bought at sheriff's sale for the amount of his judgment and costs.

On the 27th day of March, 1875, the plaintiff, claiming to be a subsequent incumbrancer and entitled to redeem from Dewey, paid to the clerk $2,175.61, the amount appearing to be due as per the judgment docket and sale book, and filed a proper affidavit of his own claim.

On the 26th of June, 1875, Cole, for the purpose of redeeming from Dewey, paid to the clerk the amount necessary to redeem, as shown by the assessment of the clerk and sale book, but $43.71 less than the amount due on the mortgage, and which would have been due on the judgment, if it had been correctly computed. Dewey refused to receive this and demanded that Cole pay the further sum of $43.71, which he refused to do.

On the 28th of June, 1875, plaintiff paid the clerk the additional sum of $100, and Dewey, in writing, assigned to plaintiff all his interest in the certificate of sale and in the mortgage and decree, and drew from the clerk the amount paid by plaintiff for redemption. On the 6th of July, 1875, plaintiff demanded a deed from the sheriff, for the premises, which he refused to execute. Plaintiff alleges that the conveyance from Price to Cole of the property in question is fraudulent, prays that the mistake of the clerk in computing the amount of the judgment be corrected; that the redemption of Cole be set aside; that the sheriff be directed to execute to plaintiff a deed for the premises, and that plaintiff's title be quieted, and that he have judgment for the possession of the property, and other and further relief.

The court decreed that Cole pay the clerk for plaintiff the sum of $46.27, the amount still due on the mortgage, and that the title to the property be quieted in defendant. Plaintiff appeals.

*Goodykoontz & Wilber*, for appellant.

*Miller & Cleggitt, B. F. Hartshorn* and *Chas. Mackenzie*, for appellees.

DAY, J.—I. Plaintiff's claim is mainly based upon the ground that the conveyance from Price to Cole was fraudulent, and that the property still continued subject to Price's debts. If this be not so, plaintiff's attachment of the premises in question, as the property of Price, and his subsequent purchase of them at the sheriff's sale, did not constitute him a subsequent incumbrancer, and did not give him a right to redeem from the sale to Dewey. A careful examination of the testimony produced fails to convince us that the sale to Cole was, upon the part of Cole, fraudulent as to the creditors of Price. The testimony of Cole is positive that he did not know Price was indebted to plaintiff, and Price testifies that he did not inform Cole that he owed plaintiff. The consideration paid, in view of the incumbrances upon the property, is not so inadequate as to be a badge of fraud. In fact the price paid, in connection with the incumbrances, is within a very small amount of what may reasonably be regarded as the full value of the property.

*1. FRAUD: conveyance: consideration.*

II. Plaintiff further claims that Cole, by refusing to tender within the year, the sum of $43.71, the amount in which the judgment was, by mistake, too small, has failed to effect a redemption, and that plaintiff, as the assignee of Dewey, is entitled to the sheriff's deed. This position is not tenable. Cole, by his purchase of the mortgaged property, did not assume the payment of the debt. He tendered the full amount of the judgment, interest and costs, being the sum for which the property sold. So long as the judgment remained uncorrected he was not under legal obligation to tender more.          AFFIRMED.

*2. REDEMPTION: mistake in deed: judicial sale.*